**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NATIONWIDE MUTUAL FIRE**
**INSURANCE COMPANY,**
**NATIONWIDE MUTUAL INSURANCE**
**COMPANY,**
               **Plaintiffs,**

**-vs-**                                                             **Case No. 6:06-cv-1695-Orl-31KRS**

**HARDIN J. ROYALL, JR., et al,**
               **Defendants.**
_____

## ORDER

This matter comes before the Court on a Motion to Dismiss (Doc. 52) filed by Defendants Hardin J, Royall, III, Riverfront Equities, Inc. and Riverfront Equities Realty, Inc. (collectively "Riverfront"). Plaintiff Nationwide Mutual Fire Company ("Nationwide Fire") filed a Response (Doc. 58) and Riverfront, with leave of this Court, filed a Reply (Doc. 67).

**I. Background**

On October 11, 2005, Emerald Beach Resorts, LLC, Buffalo Investments, LLC, Bythebridge, LLC and James C. Lee, III (collectively "the Underlying Plaintiffs") filed a suit ("the Underlying Action") against Riverfront and others in state court. Riverfront requested that Nationwide Fire defend and indemnify it in the Underlying Action, pursuant to insurance policies that were in affect at the time. Nationwide Fire sent reservation of rights letters to Riverfront, and then proceeded to defend the Underlying Action.

Nationwide Fire filed this action on October 31, 2006, seeking a declaratory action regarding its duty to defend and/or indemnify the Defendants in the Underlying Action. In

September of 2007, Riverfront reached a settlement agreement with the Underlying Plaintiffs. Pursuant to that agreement, Riverfront was dismissed from the Underlying Action with prejudice on December 5, 2007.  Nationwide Fire then filed an Amended Complaint (Doc. 42) on April 18, 2008 which added a request for "recovery of defense costs incurred." (Doc. 42 at 13). Riverfront argues that Nationwide's requests for declaratory relief are now moot, and that the request for reimbursement of defense costs was improperly pled.

**II. Legal Analysis**

It is clear from the facts of this case that Nationwide Fire's request for declaratory relief regarding its duty to indemnify Riverfront in the Underlying Action is moot. Riverfront has settled that suit and does not seek indemnification by Nationwide for that settlement.

However, the duty to defend must still be decided in order to determine whether Nationwide Fire should be reimbursed for the cost of defending Riverfront in the Underlying Action. Riverfront's claim that Nationwide Fire did not properly plead its request for reimbursement is meritless. The Amended Complaint clearly made this request and put riverfront on notice of what it would need to defend against.

Furthermore, Riverfront's argument that Nationwide Fire's request for attorneys' fees cannot save an otherwise moot claim is also without merit. Nationwide Fire's request for damages in the amount of attorneys' fees spent in the underlying action is the very heart of the controversy, and not tangential as Riverfront implies.

Finally, there is no merit to Riverfront's argument that the settlement of the Underlying Action amounts to a "confession of judgment." The fact that Riverfront entered into a settlement agreement with the Underlying Plaintiffs does not estop the insurance company from litigating its

duty to defend the Underlying Action. *See Wollard v. Lloyd's & Cos. Of Lloyd's*, 439 So. 2d 217 (Fla. 1983).

### III. Conclusion

For the reasons stated herein, it is

**ORDERED** that Riverfront's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. Nationwide Fire's petition for a declaratory judgment regarding its duty to indemnify Riverfront is **DENIED** as moot.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 28, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party